IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELSINA L. KILPATRICK,

        Plaintiff,                No. 2:13-cv-1131-LKK-EFB PS

      vs.

RALEYS CORPORATION,

        Defendant.          <u>ORDER</u>

_____/

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

       Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

1

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a *pro se* plaintiff--like any other litigant--must satisfy the pleading requirements

3    of the federal rules.  A complaint, or portion thereof, must be dismissed for failure to state a

4    claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face."

5    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355

6    U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the

7    'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

8    formulaic recitation of a cause of action's elements will not do.  Factual allegations must be

9    enough to raise a right to relief above the speculative level on the assumption that all of the

10   complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either

11   on the lack of cognizable legal theories or the lack of pleading sufficient facts to support

12   cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

13   In reviewing a complaint under this standard, the court must accept as true the allegations

14   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

15   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

16   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Nonetheless, the

17   complaint must satisfy the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

18   Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing

19   that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is

20   and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563

21   (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

22   Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

23   those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*

24   *Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

25   1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question

26   jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

2

1  allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

2  (3) be authorized by a federal statute that both regulates a specific subject matter and confers

3  federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

4  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

5  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

6  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

7  of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of

8  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

9  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

10      Plaintiff's complaint alleges that on August 4, 2012, as she was exiting from an open

11  door at defendant's Freeport Boulevard location, the door closed and she hit her head, causing

12  her injury.  Dckt. No. 1 at 2.  Thereafter, plaintiff cites Title II of the Americans with Disabilities

13  Act ("ADA").  *Id.* at 3.  The Civil Cover Sheet attached to plaintiff's complaint has boxes

14  checked for "Other Personal Injury" and "Other Civil Rights," and states that the cause of action

15  is brought under Title II of the ADA.  Dckt. No. 1-1.

16      It does not appear from plaintiff's complaint that this court has subject matter jurisdiction

17  over plaintiff's claim(s), since the complaint does not allege diversity of the parties and it is

18  unclear how the facts alleged in the complaint would give rise to any federal claim.

19      Although plaintiff's complaint and Civil Cover Sheet state that plaintiff asserts a claim

20  under Title II of the ADA, "[t]o state a claim of disability discrimination under Title II, the

21  plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the

22  plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's

23  services, programs, or activities; (3) the plaintiff was either excluded from participation in or

24  denied the benefits of the public entity's services, programs, or activities, or was otherwise

25  discriminated against by the public entity; and (4) such exclusion, denial of benefits, or

26  discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890,

3

895 (9th Cir. 2002). Here, plaintiff does not allege any facts establishing any of those elements. Therefore, any Title II claim must be dismissed.

Additionally, to the extent plaintiff's claim is brought under 42 U.S.C. § 1983, that claim must be dismissed. To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff fails to allege that defendant is a state actor or was otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)). Furthermore, plaintiff fails to identify the constitutional rights defendant allegedly violated, or explain how defendant's actions resulted in the deprivation of any constitutional right.

Therefore, plaintiff's complaint will be dismissed. However, plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which

4

1   defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear

2   facts that support each claim under each header.

3         Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

4   make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

5   complete in itself.  This is because, as a general rule, an amended complaint supersedes the

6   original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

7   plaintiff files an amended complaint, the original no longer serves any function in the case.

8   Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

9   alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

10   1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*

11   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to

12   comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order

13   may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

14         Accordingly, IT IS ORDERED that:

15        1.  Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 2, is granted.

16        2.  Plaintiff's complaint is dismissed with leave to amend, as provided herein.

17        3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

18   complaint.  The amended complaint must bear the docket number assigned to this case and must

19   be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance

20   with this order will result in a recommendation this action be dismissed.

21   DATED: June 19, 2013.

22

23           EDMUND F. BRENNAN
           UNITED STATES MAGISTRATE JUDGE

24

25

26