IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELSINA L. KILPATRICK,

       Plaintiff,                        No. 2:13-cv-1131-LKK-EFB PS

     vs.

RALEYS CORPORATION,

       Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  On June 20, 2013, the undersigned granted plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2).  Dckt. No. 3.  The order noted that it did not appear from plaintiff's complaint that this court has subject matter jurisdiction over plaintiff's claim(s), since the complaint did not allege diversity of the parties and it was unclear how the facts alleged in the complaint would give rise to any federal claim.  *Id.* at 3.  Therefore, the complaint was dismissed, and plaintiff was provided thirty days to file an amended complaint, if she could, alleging a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Id.* at 4.

1

1    On June 26, 2013, plaintiff filed an amended complaint.  Dckt. No. 4.  The amended

2  complaint alleges that plaintiff suffered "personal injury of the body mind of emotional state,"

3  which was caused by defendant in violation of Title II of the Americans with Disabilities Act

4  ("ADA").[1]  *Id.*  She contends that the door at Raley's caused her to suffered a head injury and

5  claims that defendant does not take responsibility for the fact that "the sign on the door was NOT

6  DISPLAYED."  *Id.*

7    As noted in the June 20, 2013 order, although *pro se* pleadings are liberally construed,

8  *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be

9  dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief

10  that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

11  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's

12  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

13  conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual

14  allegations must be enough to raise a right to relief above the speculative level on the assumption

15  that all of the complaint's allegations are true."  *Id.* (citations omitted).  Dismissal is appropriate

16  based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to

17  support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

18  Cir. 1990).

19    In reviewing a complaint under this standard, the court must accept as true the allegations

20  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

21  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

22  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must

23

24    [1] Plaintiff's initial complaint alleged that on August 4, 2012, as she was exiting from an
open door at defendant's Freeport Boulevard location, the door closed and she hit her head,
causing her injury.  Dckt. No. 1 at 2.  Thereafter, plaintiff cited Title II of the ADA.  *Id.* at 3.

25  The Civil Cover Sheet attached to plaintiff's initial complaint checked boxes for "Other Personal
Injury" and "Other Civil Rights," and stated that the cause of action is brought under Title II of

26  the ADA.  Dckt. No. 1-1.

1  satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule

2  8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

3  pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

4  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

5  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

6       Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

7  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*

8  *Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

9  1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question

10  jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

11  allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

12  (3) be authorized by a federal statute that both regulates a specific subject matter and confers

13  federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

14  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

15  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

16  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

17  of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of

18  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

19  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

20       Here, plaintiff's amended complaint once again fails to allege any facts that would

21  support a cognizable legal claim or a basis for this court's jurisdiction.  Although plaintiff

22  purports to state a claim under Title II of the ADA, as plaintiff was previously instructed, "[t]o

23  state a claim of disability discrimination under Title II, the plaintiff must allege four elements:

24  (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to

25  participate in or receive the benefit of some public entity's services, programs, or activities; (3)

26  the plaintiff was either excluded from participation in or denied the benefits of the public entity's

1  services, programs, or activities, or was otherwise discriminated against by the public entity; and

2  (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's

3  disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  Plaintiff's amended

4  complaint once again does not allege any facts establishing any of those elements.  Therefore,

5  her Title II claim -- and this action -- must be dismissed.

6  Because it appears further amendment would be futile, plaintiff's amended complaint

7  should be dismissed without leave to amend.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.

8  1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend

9  should not be granted where it appears amendment would be futile).

10  Accordingly, IT IS HEREBY RECOMMENDED that:

11  1.  Plaintiff's amended complaint, Dckt. No. 4, be dismissed without leave to amend; and

12  2.  The Clerk be directed to close this case.

13  These findings and recommendations are submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15  after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

18  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

19  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20  DATED:  July 10, 2013.

21

22  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

4